(92 South. 387)

No. 24819.

## BIAGI v. NEW AMSTERDAM CASUALTY CO. et al.

(May 15, 1922. Rehearing Denied by Division B June 1, 1922.)

*(Syllabus by Editorial Staff.)*

Municipal corporations ☞705(10)—Pedestrian stepping from sidewalk without looking held negligent.

A pedestrian stepping off the sidewalk into the roadway right in front of an automobile, without looking to see whether a vehicle was approaching, in violation of a traffic ordinance, was negligent.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by Leo Biagi against the New Amsterdam Casualty Company and Herman Kokosky. Judgment for plaintiff, and defendant Kokosky appeals. Judgment set aside, and suit dismissed.

J. C. Henriques, of New Orleans, for appellant.

Alfred D. Danziger, of New Orleans (Percival H. Stern, of New Orleans, of counsel), for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

PROVOSTY, C. J. Plaintiff was struck by the automobile of Herman Kokosky, the principal defendant in this case, whom we shall hereinafter call defendant, at the intersection of Canal street and Carrollton avenue; and he sues in damages.

Both streets are very wide. Canal street goes from the river to the lake; and Carrollton avenue crosses it at right angles going up and down town. Carrollton avenue has a neutral ground and an open canal along the center of this neutral ground; and Canal street has a neutral ground. Both streets are asphalted. Canal street, with its neutral ground and its roadways and sidewalks, continues over the canal of Carrollton avenue by a bridge which has a railing on each side. The sidewalks of both streets are curbed, and are a few inches higher than the roadway. The accident occurred as defendant's automobile, whose direction on Canal street had been from the river towards the lake, was turning to the right on its way downtown into the near, or river side, roadway of Carrollton avenue. Plaintiff was going towards the river on the downtown sidewalk of Canal street, and when struck had just stepped

from the end of the sidewalk to the roadway. The driving equipment of the automobile was on the right-hand side; and defendant was driving. He was an experienced driver. Before undertaking to negotiate the turn, he slowed down to eight miles an hour or less, and when about to make the turn he blew his horn to warn plaintiff who was about to go upon the roadway, and who appeared to be absorbed in thought. Plaintiff walked right on, thus putting himself in the way of the automobile just a few feet ahead. To avoid him, defendant turned his car suddenly to the left; and this maneuver would have succeeded, if plaintiff had not become confused and stepped back. He fell; but whether before or after being struck is left doubtful by the evidence. The car was carefully and expertly handled; every precaution was taken to avoid the accident. It was a large, long car—a Cunningham, weighing 6,000 pounds—with top down; and could not be stopped in time. Defendant put on the brake; and his chauffeur, who was seated at his left on the front seat, put on the emergency brake. Plaintiff's injuries consisted in a fractured collar bone and leg; and were caused by the fender pressing him against the curb of the neutral ground. The negligence imputed to defendant is in having made too wide a turn, and thereby coming near the lakeside curb of the roadway, and in not having come to a full stop before turning into Carrollton avenue, both in violation of the city ordinance. The width of the roadway is not shown, and nothing shows that the car could have turned more sharply than it did. The ordinance requiring automobiles traveling on Canal street to come to a full stop at this intersection is more honored in the breach than in the observance; and besides is designed for preventing collisions with other vehicles not with pedestrians. Be that, however, as it may, we will conclude this opinion with the following excerpt from the reasons for judgment of the learned trial judge in refusing to grant a new trial:

"The plaintiff, however, I am convinced by the evidence, stepped off the sidewalk into the roadway right in front of the automobile, without taking the care and precaution to look to see whether a vehicle was approaching before he stepped off the safety of the sidewalk into the danger of the roadway. This in itself is negligence, and, further, it is a violation of the same traffic ordinance which requires pedestrians, before stepping from the safety of the sidewalk into the danger of the roadway to look and see, before they do so, that no vehicle is approaching, which might injure them. Therefore, in my opinion, in this case both plaintiff and defendant were equally guilty of negligence—the plaintiff of contributory negligence, without which contributory negligence he would not have been injured. In my opinion the plea of contributory negligence on the part of the defendant is perfectly good, and should have been maintained. However, the question whether the plaintiff did negligently step in front of the automobile is a question of fact, and, under the charge that I gave to the jury, I can only account for their verdict on the ground that they believed the plaintiff and believed that he did look. How the jury could have arrived at such a conclusion of fact is beyond my limited comprehension; nevertheless they appear to have done so. Under the circumstances, believing that every particle of evidence that could be adduced in the case was produced and that it was thoroughly tried, I think it better, instead of clogging up the docket and preventing other jury cases from being tried, that I should refuse a new trial and let the matter go to the Supreme Court, where the judges will read the evidence and agree with me or agree with the jury."

The judgment appealed from is set aside; and the plaintiff's suit is dismissed at his cost in both courts.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.